**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-2109-WJM-KLM

SUSAN BURNS,

      Plaintiff,

v.

FREDDIE MAC,
BANK OF AMERICA and,
DOES 1 through 30,

      Defendants.

---

**ORDER ADOPTING JANUARY 23, 2014 RECOMMENDATION
OF MAGISTRATE JUDGE AND GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS**

---

*Pro se* plaintiff Susan Burns ("Plaintiff") brings this case against Defendants Freddie Mac, Bank of America, and Does 1 through 30 (collectively "Defendants"), for injunctive relief and damages related to a mortgage on Plaintiff's residence. (ECF No. 5.) This matter is before the Court on the January 23, 2014 Recommendation of United States Magistrate Judge Kristen L. Mix ("Recommendation") (ECF No. 17) that Defendants' Motion to Dismiss Plaintiff's Complaint ("Motion") (ECF No. 10) be granted in part and denied in part. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). For the reasons set forth below, the Recommendation is adopted in full.

## I. LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter,

Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record."). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

In addition, Plaintiff is proceeding *pro se*; thus, the Court must liberally construe her pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). The Court, however, cannot act as advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II. BACKGROUND

Neither party objects to the recitation of facts set forth by the Magistrate Judge in the Recommendation. (ECF No. 41 at 2-6.) Accordingly, the Court adopts and incorporates the factual background detailed in that Recommendation as if set forth herein. Briefly, this matter arises out a Deed of Trust and a Promissory Note held variously by Defendants Freddie Mac and Defendant Bank of America. (Compl. (ECF

No. 5) p. 4.)  Plaintiff contends that after she failed to make two payments on the mortgage in 2005, Defendant Bank of America initiated a foreclosure proceeding and refused to accept the late payments.  (*Id.*)  After this initial encounter, Plaintiff alleges that Defendants variously offered her loan modifications but refused to provide correct documentation of them or adhere to the agreed upon terms, obstructed her attempts to enroll in federal loan modification programs, and initiated foreclosures in retaliation or as an inducement to obtain additional payments from her.  (*Id.* at 7.)  Plaintiff also alleges that Defendant Bank of America made false and slanderous statements by reporting false or misleading information on her credit reports.  (*Id.* at 7-8.)

Plaintiff filed this action in the Superior Court for the State of Colorado, City and County of Denver, on July 9, 2013, alleging claims for breach of contract (Claim 1), usury (Claim 2), fraud and deceit (Claim 3), intentional misrepresentation (Claim 4), and slander (Claim 5).[1]  (ECF No. 5.)  Defendants removed the case to this Court on August 7, 2013 based on diversity of the parties.  (ECF No. 1.)  On August 14, 2013, Defendants filed a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 10.)  Plaintiff filed a Response (ECF No. 14) and Defendants a Reply (ECF No. 15).

On January 23, 2014, Magistrate Judge Mix entered a Recommendation to deny the Motion with respect to Plaintiff's Claim 5 for slander, and to grant the Motion in all other respects.  (Rec. (ECF No. 17).)  On February 7, 2014, Plaintiff filed an objection

---

[1] Plaintiff's Complaint also contains a Claim 6, which is a request for injunctive relief. (*See* Compl. p. 17.)  However, injunctive relief is not a separate cause of action; rather, it is one form of the relief for the other legal violations alleged.

to the Recommendation (ECF No. 19), to which Defendants filed a response (ECF No. 23).  Defendants filed no objection to the Recommendation.

### III.  ANALYSIS

The Magistrate Judge's Recommendation contains the following findings and conclusions: (1) to the extent that Plaintiff's Claim 1, breach of contract, is premised on Defendants' telephone agreements to modify the loan, it is barred by the Colorado Credit Agreement Statute of Frauds ("CCASF"); (2) Plaintiff's Claims 3 and 4, fraud and deceit and intentional misrepresentation, are also barred by the CCASF; (3) to the extent that Plaintiff's Claim 1 is premised on an alleged breach of the Deed of Trust, it is an affirmative defense to an action by Defendants, and cannot be brought as an affirmative breach of contract claim; (4) Plaintiff's Claim 2, usury, fails as a matter of law because the interest rate at issue does not exceed 11.5%; and (5) Plaintiff's Claim 5, slander, should not be dismissed based on the statute of limitations because there is no indication in the documents before the Court on this Motion that Plaintiff's claim accrued more than one year before she filed this action.  (Rec. at 12-21.)  Of these findings and conclusions, Plaintiff objects only to the second, which recommends dismissal of Claims 3 and 4 as barred by the CCASF.[2]  (*See* ECF No. 19 at 1-3.)

The Recommendation also discusses the documents offered for the Court's consideration in the parties' briefing on the Motion, and concludes as follows: (1) the

---

[2]  Plaintiff also argues that her Claim 5 for slander is not barred by the statute of limitations because it did not accrue until October 2012.  (ECF No. 19 at 3-4.)  Because the Magistrate Judge recommended denying the Motion as to Claim 5, Plaintiff agrees with the Recommendation and her argument is not an objection.  Accordingly, the Court need not consider it here.

Deed of Trust, the Promissory Note, and the assignment from the original lender to Bank of America are all appropriate for consideration as public records referred to in the Complaint and central to Plaintiff's claims; (2) the e-mails between Plaintiff and Bank of America can be considered only to show that the correspondence took place; and (3) the letter from Plaintiff dated July 26, 2007 and the news article regarding a class action lawsuit will not be considered.  (Rec. at 7-10.)  Plaintiff does not object to any of these conclusions.  (ECF No. 19.)

As to the first, third, fourth, and fifth findings in the Recommendation regarding Plaintiff's claims, and as to the Magistrate Judge's conclusions regarding the propriety of considering the attached documents, the Court has reviewed the record and agrees with the Magistrate Judge's analysis.  Neither party objects to these findings and conclusions, and the Court finds no clear error.  *See Summers*, 927 F.2d at 1167; Fed. R. Civ. P. 72 Advisory Committee's Note.  Accordingly, the Court adopts the Recommendation that Defendants' Motion to Dismiss be granted with respect to Plaintiff's Claims 1 and 2, and dismisses these claims with prejudice, with the exception of Plaintiff's Claim 1 insofar as it alleges a breach of the Deed of Trust, which is dismissed without prejudice.

As to the second finding in the Recommendation, Plaintiff objects to the Magistrate Judge's conclusion that Claims 3 and 4 are barred by the CCASF.  (ECF No. 19 at 1-3.)  The CCASF bars any claim by a debtor against a creditor that relates to a credit agreement for a principal amount exceeding $25,000, unless the credit agreement at issue is in writing and signed by the creditor.  *See* Colo. Rev. Stat. § 38-10-124.  Plaintiff admits that the CCASF "would eliminate fraud for agreements no[t] put

5

into writing," but argues that because the definition of fraud is broad, she can maintain a fraud claim based on "other areas of my dealings with Bank of America." (ECF No. 19 at 2.) Specifically, Plaintiff contends that her fraud claim is based on Defendant Bank of America's attempts to force her into a higher-priced loan modification than that available through federal programs, and its deliberate misrepresentations regarding the deadlines and Plaintiffs' qualifications for such programs. (*Id.* at 2-3.) However, Plaintiff does not deny that the alleged modifications constitute credit agreements under Colorado law, or that the principal amounts involved exceeded $25,000. (*See id.*)

Colorado courts have established that the CCASF applies not only to an oral credit agreement itself, but also to any claim that relies on or relates to such an agreement, where the agreement involves a principal amount greater than $25,000. *See Univex Int'l, Inc. v. Orix Credit Alliance, Inc.*, 914 P.2d 1355, 1358 (Colo. 1996). Plaintiff's fraud and misrepresentation claims undisputedly relate to her negotiations with Defendants regarding loan modifications that were never reduced to writing. (*See* ECF No. 19 at 2-3.) Plaintiff cites no law in support of her contention that the CCASF does not bar these claims. (*See id.*) The Court has reviewed the issue *de novo* and finds that Plaintiff's Claims 3 and 4 for fraud and deceit and intentional misrepresentation are related to oral credit agreements for amounts exceeding $25,000, and are thus barred by the CCASF. The Court is sympathetic to Plaintiff's plight, but is constrained by the applicable law. Therefore, Plaintiff's objection is overruled and Claims 3 and 4 are dismissed with prejudice.

In sum, the Court has reviewed the Recommendation and finds that it is well-reasoned and thorough, and the Court agrees with the findings and conclusions made

6

therein.  Accordingly, the Court adopts the Recommendation in its entirety.

## IV.  CONCLUSION

For the reasons set forth above, it is hereby ORDERED that:

1.    The Recommendation of the United States Magistrate Judge (ECF No. 17), filed

       January 23, 2014, is ADOPTED IN FULL;

2.    Plaintiff's Objection to the Recommendation (ECF No. 19) is OVERRULED;

3.    Defendants' Motion to Dismiss (ECF No. 10) is DENIED with respect to Plaintiff's

       claim for slander, and GRANTED in all other respects;

4.    Plaintiff's claims for breach of contract (Claim 1) with respect to the modification

       agreements, usury (Claim 2), fraud and deceit (Claim 3), and intentional

       misrepresentation (Claim 4) are DISMISSED WITH PREJUDICE;

5.    Plaintiff's claim for breach of contract (Claim 1) with respect to the Deed of Trust

       is DISMISSED WITHOUT PREJUDICE; and

4.    This action remains pending as to Plaintiff's claim for slander (Claim 5).


Dated this 26th day of March, 2014.

                                                    BY THE COURT:


                                                    _____
                                                    William J. Martinez
                                                    United States District Judge